Karen Ann F. **KELLY**, Plaintiff—
Appellant,

v.

**COUNTY OF ORANGE**, Defendant—
Appellee.

No. 02–56003.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 14, 2004.

Decided June 8, 2004.

Karen Ann F. Kelly, Tustin, CA, pro se.

Peter K. Stris, Esq., Elizabeth Rogers, Esq., Willenken Wilson Loh & Stris, LLP, Los Angeles, CA, for Plaintiff–Appellant.

Benjamin P. De Mayo, Esq., Office of the County Counsel, Santa Ana, CA, Norman J. Watkins, Esq., Lynberg And Watkins, Orange, CA, for Defendant–Appellee.

Before: TASHIMA, MCKEOWN, and BYBEE, Circuit Judges.

MEMORANDUM *

Karen Ann F. Kelly appeals from the district court's grant of judgment as a matter of law in favor of the County of Orange on her claim that the County failed to accommodate reasonably her religious beliefs in violation of 42 U.S.C. §§ 2000e(j), 2000e–2(a)(1). *See EEOC v. Townley Eng'g & Mfg. Co.*, 859 F.2d 610, 613–14 (9th Cir.1988). In bringing a failure-to-accommodate claim, the employee must first establish a prima facie case of religious discrimination; if the employee succeeds, the burden shifts to the employer "to show that it initiated good faith efforts to accommodate reasonably the employee's religious practices or that it could not reasonably accommodate the employee without undue hardship." *Peterson v. Hewlett–Packard Co.*, 358 F.3d 599, 606

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

(9th Cir.2004) (citations and internal quotation marks omitted). We assume that Kelly established a prima facie case and address the second step in the analysis.

Because Kelly concedes that the transfer eliminated the conflict between her job duties and her religious convictions, our inquiry reduces to whether the accommodation reasonably preserved Kelly's compensation, terms, conditions, and privileges of employment. *Am. Postal Workers Union v. Postmaster Gen.*, 781 F.2d 772, 776–77 (9th Cir.1986). Although this is a fact-intensive inquiry, *see, e.g., Heller v. EBB Auto Co.*, 8 F.3d 1433, 1439–40 (9th Cir. 1993), we conclude that, in this case, the facts point so strongly in favor of the County that no reasonable jury could reach a verdict in Kelly's favor. FED. R. CIV. P. 50(a)(1). It is undisputed that Kelly accepted the transfer, that her job title remained the same, that she received an increase in pay rate, that she requested and received a decrease in hours, and that her new job was appropriate for a nurse with some degree of experience and training.

Kelly contends that she was underqualified for her new position and consequently was set up for discharge on purportedly nondiscriminatory grounds. In particular, she claims that she raised several factual disputes that should have been submitted to the jury: (1) whether the County assigned her to the evening shift in contravention of its policy to assign only more experienced nurses to that shift; (2) whether it was beneficial for nurses at Orangewood to have pediatric training, which she did not have; and (3) whether she never received orientation at Orangewood, particularly orientation for the administration of medications.

Even if Kelly created genuine disputes as to these facts and the disputes were resolved in her favor, the transfer would not constitute a sufficiently adverse change in the terms, conditions, and privileges of Kelly's employment to make the accommodation unreasonable under Title VII. *Cf. Hudson v. Western Airlines, Inc.*, 851 F.2d 261, 266 (9th Cir.1988) (citing 29 C.F.R. § 1605.2(d)(1)(iii) for the proposition that a lateral transfer or change of job assignments is a means of reasonable accommodation). The employee has a duty to cooperate in the accommodation process. *Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60, 69, 107 S.Ct. 367, 93 L.Ed.2d 305 (1986); *Am. Postal Workers*, 781 F.2d at 777. In light of this duty, as a matter of law, the facts Kelly raised would not make the accommodation unreasonable.

**AFFIRMED.**